UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL NIKIFORUK and
EMILY NIKIFORUK,                                    Case No. 11-10815

                   Plaintiffs,                      District Judge Nancy G. Edmunds

v.                                                 Magistrate Judge R. Steven Whalen

CITIMORTGAGE, INC., ET AL.,

                   Defendants.

_____/

### REPORT AND RECOMMENDATION

Before the Court are Plaintiffs' Motion for Temporary Restraining Order [Doc. #35] and Motion for Preliminary Injunction [Doc. #37], which have been referred for Reports and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). Because this Court does not have jurisdiction to grant injunctive relief while the case is on appeal, I recommend that both motions be DENIED.

### I.   FACTS

Plaintiffs filed a 1,384-paragraph complaint in this Court on February 28, 2011, alleging violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*("RESPA"), the Fair Debt Collections Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA"), and a number of state law claims. On December 27, 2011, I filed a Report and Recommendation ("R&R") that Defendants' motion to dismiss be granted [Doc. #22].[1] On January 30, 2012, United States District Judge Nancy G. Edmunds adopted the R&R and entered an order dismissing all claims with prejudice [Doc. #27]. On February

---

[1] This R&R contains a detailed discussion of the underlying facts and claims.

22, 2012, Plaintiffs filed a notice of appeal [Doc. #31]. On February 24, 2012, Judge Edmunds declined to consider Plaintiffs' motion for relief from judgment [Doc. #34]. On May 24, 2012, Plaintiffs filed the present motions for injunctive relief [Doc. #35, 37].

In these motions, Plaintiffs ask that Defendant CitiMortgage, Inc. ("CitiMortgage"), the servicer of their mortgage, be enjoined from (a) making demands for payment, (b) commencing foreclosure proceedings on their real property, (c) designating their mortgage as "in default" or "delinquent"; and (d) reporting adverse information as to their account to credit reporting agencies.

## II.   DISCUSSION

Following the dismissal of their complaint and entry of judgment against them, the Plaintiffs filed a notice of appeal on February 22, 2012.  "As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals." *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir.1981). There is a narrow exception to this rule that permits a district court to enforce (but not enlarge) its judgment.  *NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 588 (6th Cir.1987)("Although a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment.").

In this case, judgment was entered *against* the Plaintiffs. Granting injunctive relief to them would clearly "enlarge the scope of the judgment pending appeal." *See City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp*., 484 F.3d 380, 394 (6th Cir. 2007)(district court erred in granting an injunction pending an appeal, where the injunction expanded its previous judgment instead of merely enforcing it). There is no basis to deviate from the general rule described *Cochran*. This Court does not have jurisdiction to grant the Plaintiffs' motions, and any request for injunctive relief must be

addressed to the Court of Appeals.[2]

### III.   CONCLUSION

For these reasons, I recommend that Plaintiffs' Motion for Temporary Restraining Order [Doc. #35] and Motion for Preliminary Injunction [Doc. #37] be DENIED.

Any objections to this Report and Recommendation must be filed  within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The

---

[2] These motions would fail even if they were considered on the merits. In determining whether to grant a preliminary injunction or temporary restraining order, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.  *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). Moreover, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). In this Court, the Plaintiffs have already failed on the merits. Indeed, for the reasons discussed in my December 27, 2011 R&R, their claims are fanciful, at best. If they disagree, however, their remedy lies in the Court of Appeals, not in the Court that has entered judgment against them.

response shall address specifically, and in the same order raised, each issue contained within the objections.

                                         s/ R. Steven Whalen
                                         R. STEVEN WHALEN
                                         UNITED STATES MAGISTRATE JUDGE
Date: May 30, 2012

                         CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on May 30, 2012.

Michael Nikiforuk                     s/Johnetta M. Curry-Williams
Emily Nikiforuk                       Case Manager
326 Englewood Ave
Royal Oak, MI 48073-2630