UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael Nikiforuk and Emily Nikiforuk,

       Plaintiffs,                                        Case No. 11-10815

v.                                                     Hon. Nancy G. Edmunds

CitiMortgage, Inc., ABN AMRO Mortgage
Group, Inc., John Does (Investors, Assigns,
and others), Jane Does (Investors, Assigns,
and others),

       Defendants.
_____/

**ORDER DENYING PLAINTIFFS' EMERGENCY MOTION AND GRANTING DEFENDANTS' MOTION FOR LITIGATION INJUNCTION [67, 71]**

On February 28, 2011, Plaintiffs Michael and Emily Nikiforuk initiated this mortgage-related action against Defendants CitiMortgage and ABN AMRO Mortgage Group. (Dkt. 1.) The case related to a residential mortgage that Plaintiffs executed in favor of ABN for $120,000.00 in June, 2003. (Dkt. 22, R&R at 2.) CitiMortgage became ABN's successor-in-interest in early 2007. (*Id.*) As the magistrate judge recognized in 2011, Plaintiffs were disputing CitiMortage's right to collect payments or accept a payoff of the loan balance under the June, 2003 mortgage agreement with ABN. (*Id.*)

The magistrate judge recommended that the Court find that various statutes of limitations prohibited Plaintiffs' claims and/or that Plaintiffs failed to allege facts sufficient to withstand a Rule 12(b)(6) motion to dismiss. (R&R.) On January 30, 2012, the Court accepted and adopted the magistrate judge's report and recommendation, dismissed the case, and issued its judgment. (Dkt. 27, 28.) After the dismissal, Plaintiffs filed a multitude of post judgment motions as well as appeals to the Sixth Circuit. The Sixth Circuit affirmed the Court's dismissal. (Dkt. 46.) Plaintiffs filed more post judgment motions and sought

rehearing from the Sixth Circuit. The Sixth Circuit denied Plaintiffs' request for a rehearing. (Dkt. 53.) More motions, appeals, and subsequent denials followed.

On June 20, 2014, Plaintiffs filed the pending emergency motion for cancellation/removal of the mortgage against CitiMortgage and ABN. (Dkt. 67, Pls.' Emergency Mot.) With this motion Plaintiffs "seek an order to remove/cancel the [m]ortgage from the registry of deeds." (*Id.* at 4.) Plaintiffs assert that they cannot sell their home because they cannot affirm that the title is free from all encumbrances and they cannot show record chain of title or that discharge of the $120,000.00 mortgage has occurred. (*Id.* at 5, 13.)

The Court ordered Defendants to respond; they did so and also filed a motion for a permanent litigation injunction against Plaintiffs for any pleadings related to this case. (Dkt. 70, 71.) In response, Defendants argue that Plaintiffs have not shown that they are entitled to discharge of the debt and that res judicata and/or collateral estoppel bar Plaintiffs' emergency motion. (Defs.' Resp. at 6.) Defendants characterize Plaintiffs' motion as attempting to relitigate the issue that the Court has already weighed and rejected: that CitiMortgage is without authority to enforce the mortgage or seek payment under the note and that Plaintiffs are entitled to relief from the mortgage. (*Id.*)

The Court agrees with Defendants–Plaintiffs have not shown that they are entitled to discharge the mortgage. Plaintiffs have not supplied the Court with any legal authority or any argument that the Court finds would warrant Plaintiffs the relief that they request.

The Court also agrees that res judicata bars the relief that Plaintiffs now seek. In the first report and recommendation, the magistrate judge addressed Plaintiffs' concerns here:

> Plaintiffs also argue that because CitiMortgage's interest has not been recorded, the servicer lacks standing to collect payments or accept a payoff of the loan. [] This position is without merit. "[U]nrecorded interests '[do] not create a valid objection on behalf of the mortgagor if the mortgagor [is] unaffected by those interests."

(R&R at 9.) (citations omitted). The magistrate judge pointed out that Plaintiffs had not alleged any assignment had modified their obligations under the agreement. (*Id.*) The magistrate judge further pointed out that Plaintiffs were current on their mortgage payments as of the time of the complaint, therefore foreclosure proceedings had not begun) and that they had not alleged that CitiMortgage had taken any steps toward foreclosing upon the mortgage. (*Id.*) The magistrate judge stated that the issue of foreclosure was not ripe for adjudication. (*Id.*)

Res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *United States v. Chrysler Grp., LLC*, __ F. App'x __, 2014 WL 2978191, at *2 (6th Cir. July 2, 2014) (citations omitted).

Here, Plaintiffs attempt to relitigate the same issue (the validity of CitiMortgage's involvement in the mortgage assignment and mortgage payments) against the same parties. The Court has already ruled upon the central issue, issued a judgment, and dismissed this case. The Sixth Circuit has addressed Plaintiffs' appeals, holding that Plaintiffs' claims have no merit.

3

The issues of this case have not changed. While Plaintiffs have somewhat framed the circumstances surrounding the relief requested differently (Plaintiffs want documented and explicit record chain of title), the relief they request is the same, namely, the mortgage's removal.

Because Plaintiffs are attempting to relitigate the same issue against the same parties, and the Court has already ruled on the issue, res judicata bars this second attempt.

The Court therefore DENIES Plaintiffs' emergency motion.

Defendants request an affirmative litigation injunction prohibiting Plaintiffs from pursuing the same claims related to the same transaction. (Defs.' Mot. at 2.) The Court agrees; limitations on Plaintiffs' ability to file are warranted. Plaintiffs have consistently abused the dockets with their vexatious filings. They have not supported their pleadings and appeals with any legal theories or facts that entitle them to relief; as the Court and the Sixth Circuit have found repeatedly.

The Court therefore GRANTS Defendants' motion. The Court "permanently enjoins Plaintiffs from filing any civil lawsuit alleging or asserting factual or legal claims based upon or arising out of the legal or facts claims alleged in this action or any of the actions underlying it without first obtaining written certification from a United States Magistrate Judge that the claim or claims are not frivolous and that the suit is not brought for any improper purpose." *Siler v. Haas*, 21 F. App'x 270, 271-72 (6th Cir. 2001). The Court further orders "that the [Clerk of the Court] return, unfiled, any suits or appeals improperly filed without certification." *Id.*

So ordered.

4

                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: July 22, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 22, 2014, by electronic and/or ordinary mail.

                s/Carol J. Bethel
                Case Manager